IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

MARCUS MONGER,

    Plaintiff,

v.

EYVETTE COOK; and OFFICER CALHOUN,

    Defendants.

CIVIL ACTION NO.: 6:14-cv-129

## ORDER

Presently before the Court are Plaintiff's Objections to the Magistrate Judge's Report and Recommendation dated August 26, 2015. (Doc. 10.) After an independent and *de novo* review of the entire record, the Court **OVERRULES** Plaintiff's Objections, (doc. 11), **CONCURS** with the Magistrate Judge's Report and Recommendation, and **ADOPTS** the Magistrate Judge's Report and Recommendation as the opinion of the Court. Thus, Plaintiff's Complaint is **DISMISSED** and this case is **CLOSED**. The Clerk of Court is **DIRECTED** to enter the appropriate judgment of dismissal. In addition, for the reasons set forth in the Magistrate Judge's Report and Recommendation, Plaintiff is **DENIED** leave to proceed *in forma pauperis* status on appeal.

### Background

Plaintiff, who is currently incarcerated at Smith State Prison in Glennville, Georgia, filed a cause of action pursuant to 42 U.S.C. § 1983 to contest certain conditions of his confinement. In his Complaint, Plaintiff asserted Defendant Calhoun violated his right to equal protection on May 25, 2014, by deliberately failing to give him his diet snack, even though Defendant Calhoun

gave all other inmates their snacks. (Doc. 1, p. 5.) Plaintiff also asserted Defendant Calhoun violated his rights to equal protection and due process and subjected him to cruel and unusual punishment on May 29, 2014, when Defendant Calhoun gave him a roll of toilet tissue Defendant Calhoun knew had been sprayed with pepper spray. According to Plaintiff, Defendant Calhoun gave him this roll of toilet tissue "with the ill intention to cause" pain and suffering, and this was an act of retaliation because Plaintiff told Defendant Calhoun he was going to "write him up." (Id.) Plaintiff claimed he received "some rashes etc. (sic)" to his body from this toilet tissue. (Id.)

Plaintiff asserted Defendant Cook violated his rights to due process and equal protection on July 1, 2014, because she ignored his concerns about being targeted by Defendant Calhoun. Plaintiff also asserted he told Defendant Cook he had a grievance to turn in, and she told him she was not going to mess with him and that she had to go to a meeting. (Id. at p. 6.) Plaintiff contended Defendant Cook closed his tray flap and rejected his grievance, yet she took everyone else's grievance forms. (Doc. 1.)

After conducting the requisite frivolity review, the Magistrate Judge determined Plaintiff failed to state a plausible claim that Defendant Calhoun violated his Eighth Amendment rights by failing to provide Plaintiff with a snack on one occasion. (Doc. 10, pp. 6–7.) The Magistrate Judge also determined Plaintiff failed to set forth a viable Eighth Amendment claim based on his assertions that Defendant Calhoun provided him with a roll of toilet paper that was sprayed with pepper spray and Plaintiff received a rash on his body from using this toilet paper. (Id. at pp. 7-8.) The Magistrate Judge found Plaintiff failed to show he was engaged in constitutionally protected speech and recommended Plaintiff's retaliation claim be dismissed as a result. (Id. at p. 9.) In addition, the Magistrate determined Plaintiff failed to set forth facts sufficient to

establish plausible violations of his rights to equal protection of the law and to due process. (Id. at p. 10.)

Plaintiff objects to the entirety of the Magistrate Judge's Report and Recommendation.

## Discussion

In his Objections, Plaintiff asserts Defendant Calhoun has denied him a diabetic snack and diabetic tray since "the incident" on May 25, 2014.[1] (Doc. 11, p. 1.) Plaintiff maintains that, once he accessed the grievance procedures, Defendant Calhoun's "mind was set on retaliation[.]" (Id.) Plaintiff contends Defendant Calhoun threatened him after the filing of this grievance by telling Plaintiff that he would make sure he was denied his snacks and trays every day he (Defendant Calhoun) worked. Plaintiff maintains he has lost weight and has suffered from health complications as a result of the denial of these trays and snacks. (Id.) Plaintiff contends Defendant Calhoun further retaliated against him by giving him toilet paper that had been sprayed with pepper spray four days later. (Id. at p. 2.) Plaintiff asserts he never stated he suffered from rashes. (Id.) Rather, Plaintiff asserts he suffered from breakouts and skin problems and had allergic reactions, scarring, burning on his shoulders and scalp, and bleeding in his scalp. According to Plaintiff, he had to go to the medical unit on several occasions, and his injuries "were unbearable." (Id.) Plaintiff even states he had to see a doctor outside of the prison for his skin problems and was prescribed medication. Plaintiff further states Defendant Cook acted negligently by failing to accept his grievance papers he wished to file against Defendant Calhoun. (Id. at p. 4.)

Plaintiff's Objections are nothing more than his attempt to amend his Complaint. Plaintiff raises assertions for the first time in his Objections, which is an independent ground to

---

[1] The Court presumes "the incident" of which Plaintiff speaks is the event described in his original Complaint—that Defendant Calhoun denied him a snack on only one occasion, May 25, 2014. (Doc. 1, p. 5.)

3

overrule his Objections. Williams v. McNeill, 557 F.3d 1287 (11th Cir. 2009); Driskell v. Price, 2:13-CV-01541-VEH-SG, 2015 WL 545382, at *8 (N.D. Ala. Feb. 10, 2015) ("The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.").

In addition, the assertions made in Plaintiff's Objections are different than those he made in his original Complaint. Specifically, in his Complaint, Plaintiff stated Defendant Calhoun denied him a snack on only one occasion on May 25, 2014. (Doc. 1, p. 5.) Plaintiff also stated he received "some rashes etc. [sic]" to his body from the toilet paper he claimed Defendant Calhoun gave him. (Id.) Plaintiff's Objections paint a different picture than what he originally described in his Complaint. Moreover, as Plaintiff has failed to either file an Amended Complaint or moved for leave to do so, his Objections as to Defendant Calhoun are **OVERRULED**.

Further, Plaintiff's allegation that Defendant Cook acted negligently does not state a viable Section 1983 claim. To state a claim for relief under Section 1983, Plaintiff must satisfy two elements. First, he must allege that an act or omission deprived him "of some right, privilege, or immunity secured by the Constitution or laws of the United States." Hale v. Tallapoosa Cty., 50 F.3d 1579, 1582 (11th Cir. 1995). Second, Plaintiff must allege that the act or omission was committed by "a person acting under color of state law." Id. A claim for negligence is one for recovery under Georgia tort law. An allegation that a defendant acted with negligence in causing a plaintiff injury is not sufficient to support a claim under Section 1983. Daniels v. Williams, 474 U.S. 327, 330–31 (1986). "Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law." Baker v. McCollan, 443 U.S. 137, 146 (1979). Plaintiff's negligence claim against

Defendant Cook does not meet the basic requirements for a claim filed pursuant to Section 1983. Accordingly, this portion of Plaintiff's Objections is also **OVERRULED**.

## Conclusion

Plaintiff's Objections, (doc. 11), are **OVERRULED**. The Magistrate Judge's Report and Recommendation, (doc. 10), is **ADOPTED** as the opinion of the Court. Plaintiff's Complaint, (doc. 1), is **DISMISSED** and this case is **CLOSED**. The Clerk of Court is **DIRECTED** to enter the appropriate judgment of dismissal. In addition, Plaintiff is **DENIED** *in forma pauperis* status on appeal.

**SO ORDERED**, this 25th day of September, 2015.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA